By the Court.
That the relatrix is entitled to a review in the court of appeals of the judgment of the court of common pleas in the cause in which she seeks the allowance and signing of this bill of exceptions is not questioned. The question is, Why is the bill necessary to such review, or in what manner would it facilitate it? The authority for the reference and the proceedings thereunder are found in Sections 11475 to 11486, General Code. Attention to the provisions of those sections would seem to determine some questions about which counsel apparently differ. The referee is authorized to summon and compel the attendance of witnesses, to administer oaths and grant adjournments, and it is then comprehensively enacted that “a trial by refereees shall be conducted as if by the *102 court.” His decision may be excepted to and reviewed as in a trial by the court, and his decision stands as the action of the court, upon which judgment may be entered as if the court’ had tried the action, as was done in this instance. The only provision for a bill of exceptions in cases so tried is in Section 11484, General Code, that “The referees shall sign any true exceptions taken to an order or decision by them made in the case, and return it with their report to the court.” This provision is obviously necessary to bring before the court questions arising before a referee who reports only his conclusions of fact and law, his conclusions of fact having the effect of a special verdict, for in such case without a bill signed by him neither the propriety of his procedure nor the correctness of his conclusions of fact could be determined by the court. But why a special bill of exceptions should be signed, even by the referee in a case referred, as was this, to take the testimony of witnesses in writing and report it with his findings of fact and conclusions of law, is not apparent. But no bill of exceptions was taken before the referee, before whom the case was tried as to the court, nor does any appear to have been tendered to him. The allowance and signing of the bill by the judge is sought in this action. The function of a bill of exceptions is to bring upon the record matters material to further judicial inquiry which would not otherwise appear. The trial judge here naturally and properly answers that he has no personal knowledge respecting the proceedings before the referee. For information upon that subject he was *103 confined to the referee’s report. That report was before him as the sole basis of his action in overruling exceptions and in rendering judgment. It is equally available to the court of appeals. It is to be observed that in this case the report of the referee was confirmed and judgment rendered upon it and upon it alone. There could, therefore, have been no evidence whatever before the court of common pleas that was not embraced in the report of the referee, already a part of the record. This bill of exceptions, if signed, would add nothing to the record for the information and action of the court of appeals. The writ of mandamus will not be issued to compel the doing of a vain thing.

Petition dismissed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.